IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARIO MEDINA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 4:22-cv-2255 |
| | § | |
| **VERBRI MANAGEMENT, LLC,** | § | |
| **VERNON BRIDWELL AND PATRICIA** | § | |
| **BRIDWELL, INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND MOTION TO ENTER JUDGMENT**

Plaintiff Mario Medina files this Motion to Enforce Settlement Agreement and Motion to Enforce Judgment, and in support thereof would show the following:

**INTRODUCTION AND FACTS**

1. This is a failure to pay overtime case brought under the Fair Labor Standards Act ("FLSA"). On August 3, 2023, the parties mediated this matter with mediator Jack Wisdom, and on August 7, 2023, Mr. Wisdom announced that both parties had accepted his mediator's proposal to settle the matter for the amount referenced in the settlement agreement previously filed under seal in this matter.

2. On August 18, 2023, Plaintiff Mario Medina executed the written settlement agreement. On August 29, 2023, Defense counsel emailed to Plaintiff's counsel a signed copy of the settlement agreement executed by Defendants.

3. According to the terms of the settlement agreement, payment to Plaintiff was due within 30 days after Plaintiff Medina Signed the Agreement, which would have made payment due on or about September 17, 2023.

4. It is now November 3, 2023. Plaintiff's counsel has, on multiple occasions, sought information about when Defendants intend to pay the settlement proceeds, but to date, no concrete answer has been provided. To be perfectly clear, counsel believes the issues set forth in this Motion have nothing to do with Defense counsel, who has at all times been both professional and forthright.

5. Because this Court has jurisdiction over the case, Plaintiff now seeks this Court's aid in forcing Defendants to abide by the terms of the settlement agreement. A true and correct copy of the settlement agreement is attached to Plaintiff's Motion for Leave to file Settlement Agreement Under Seal[1] as Exhibit A.

## ARGUMENT AND AUTHORITIES

6. Issues regarding the validity or enforceability of agreements to settle federal claims are decided based on federal law. *See Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981); *Mid–S Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Lozano v. Metro.Transit Auth. of Harris Cty.*, 2016 WL 3906295, *2 (S.D. Tex. July 19, 2016). Under federal law, settlement agreements are contracts. *See Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992); *Lozano,* 2016 WL 3906295 at *2. A contract requires an offer, acceptance, and a meeting of the minds on all essential terms. *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016); *Lozano*, 2016 WL 3906295 at *3.

---

[1] Obviously, at some point, for purposes of enforcement, the settlement agreement will cease to be confidential.

7. Acceptance of an offer occurs when there is "manifestation of assent that occurs in any reasonable manner." *See Chen v. Highland Capital Mgmt., L.P.*, 2012 WL 5935602, *2 (N.D. Tex. Nov. 27, 2012). Indeed, as the Fifth Circuit has held, a meeting of the minds on all essential terms of a settlement agreement is generally present "where the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims." *See In re Deepwater Horizon*, 786 F.3d 344, 357 n.26 (5th Cir. 2015)*; Simon v. Barrett Steel Energy Products, Inc.*, 2018 WL 2010300, at *2 (S.D.Tex., 2018). *See also Demissie v. Starbucks Corp. Office & Headquarters*, 118 F. Supp. 3d 29, 35 (D.D.C. 2015) (noting that "courts have found that the amount to be paid and the release of liability are material terms to a settlement agreement").

8. Such is the case here. A meeting of the minds occurred in this matter, and Plaintiff agreed to dismiss his FLSA suit against Defendants in exchange for a payment of the amounts specified in the Settlement Agreement. Exhibit A, Dkt. 16.

9. It appears that Defendants do not intend to comply with the settlement agreement to which they have assented and to which they are now bound. As such, Plaintiff seeks this Court's assistance in enforcing the settlement agreement.

10. A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it. *Strange v. Gulf and South American Steamship Company,* 495 F.2d 1235, 1237 (5th Cir.1974). Although resolution of a motion to enforce a settlement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To this extent, district courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *Id*; *see also Millner v. Norfolk & W. Ry. Co.,* 643 F.2d 1005, 1009

(4th Cir.1981). The exercise of this authority has the "practical effect" of entering a judgment by consent. *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).

11. Plaintiff Mario Medina hereby requests that this Court enforce the terms of the settlement agreement to which the parties have agreed and enter judgment against Verbri Management, LLC, Vernon Bridwell, and Patricia Bridwell, jointly and severally, and in favor of Plaintiff Mario Medina in the amount set forth in the settlement agreement. Exhibit A, Dkt 16.

12. Pursuant to Texas Civil Practice & Remedies Code 38.001(8), a person may recover attorney's fees from an individual or a corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Plaintiff hereby requests all attorney's fees and costs associated with the filing of this motion and the enforcement of the settlement agreement should Defendants not comply with the terms of the settlement agreement within 14 days from today.

DATED:  November 3, 2023

        Respectfully submitted,

        WELMAKER LAW, PLLC

        /s/  Douglas B. Welmaker
        Douglas B. Welmaker
        Attorney-in-Charge
        State Bar No. 00788641
        Welmaker Law, PLLC
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Phone: (512) 799-2048
        Email: doug@welmakerlaw.com

        **ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with opposing counsel prior to filing this Motion and that he indicated he was unable to take a position on this Motion.

                                            /s/ Douglas B. Welmaker
                                            Douglas B. Welmaker

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on November 3, 2023.

                                            /s/ Douglas B. Welmaker
                                            Douglas B. Welmaker